UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY RICHARD LEIGHTY, | Case No. 2:22-cv-01598-JDP (SS) |
| Plaintiff, | **ORDER** |
| v. | GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | ECF Nos. 10 & 11 |

Plaintiff, who suffers from Lyme disease, challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 10 & 11. Because I find that the ALJ erred in rejecting plaintiff's subjective testimony, plaintiff's motion is granted, and the Commissioner's cross-motion is denied.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a

1

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On December 19, 2019, plaintiff filed an application for a period of disability and DIB, alleging disability beginning August 31, 2018. Administrative Record ("AR") 175-76. After his applications were denied both initially and upon reconsideration, plaintiff testified at a telephonic hearing before an Administrative Law Judge ("ALJ"). On June 29, 2021, the ALJ issued a decision finding that plaintiff was not disabled. AR 17-34. Specifically, the ALJ found:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2023.

2. The claimant has not engaged in substantial gainful activity since August 31, 2018, the alleged onset date.

3. The claimant has the following severe impairments: Lyme disease, fibromyalgia, peripheral neuropathy, asthma, a mild neurocognitive disorder, and an adjustment disorder with depressed mood.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can stand and/or walk for up to four hours in an eight hour workday, can occasionally balance on uneven surfaces, can occasionally stoop, kneel, crouch, or crawl, can occasionally climb stairs or ramps, can never climb ladders, ropes, or scaffolds, can occasionally be exposed to vibrations, can never be exposed to unprotected heights or moving machinery parts, can have occasional exposure to dust, noxious odors or fumes, poor ventilation, extreme cold, or extreme heat, and requires a moderate noise work environment, as defined in the Dictionary of Occupational Titles (DOT) and Selected Characteristics of Occupations. The claimant can understand and remember simple instructions, make simple work related decisions, carry-out simple instructions, cannot perform work which requires a specific production rate, such as assembly line work or hourly quota work, and can occasionally deal with changes in a routine work setting.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1975 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of

> disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> * * *
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 31, 2018, through the date of this decision.

AR 17-34 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, but the request was denied. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff argues that remand is warranted because the ALJ's RFC determination was not supported by substantial evidence. ECF No. 10. Specifically, he contends that the ALJ failed to give specific, clear, and convincing reasons for rejecting his subjective testimony as to his symptoms. *Id.* at 17. For the reasons stated below, I agree with plaintiff's argument as to the error in rejecting his testimony. I find it unnecessary to reach the other arguments, and I remand this case for further proceedings.

**I.     Legal Standard for Rejecting Plaintiff's Subjective Testimony**

When a claimant's subjective testimony is inconsistent with objective medical evidence, an ALJ can "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). Crucially, the ALJ may not "reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

4

##### II. The ALJ Failed to Offer Clear and Convincing Reasons for Rejecting Plaintiff's Testimony

At a May 24, 2021 hearing before the ALJ, plaintiff testified that, due to contracting Lyme Disease and suffering from fibromyalgia, he had, in recent years, spent ninety percent of his time in bed because of intense joint pain. AR at 39, 43. He testified that the pain was such that he was unable to meet with people or, at times, even to answer phone calls. *Id.* at 44. Plaintiff also stated that he was afflicted with frequent, intense exhaustion that mostly precluded doing household chores. *Id.* at 46.

In his decision, the ALJ acknowledged this testimony, but found that other activities cut against the alleged severity of plaintiff's symptoms. First, the ALJ found that although plaintiff alleged he was bedridden for much of the day, he told a consultative examiner that he could shop and perform self-care with difficulty, and that he could prepare basic meals and do light housework. AR at 20. Elsewhere in the opinion, the ALJ pointed out that plaintiff was still able to drive to an examination in July 2020, that he traveled to Arizona for a fishing trip with his father, and that he managed to build his mother a riding corral in Oregon. *Id.* at 22. These activities, which the ALJ did not describe or analyze in detail, were not sufficient to reject plaintiff's testimony. *See Burch*, 400 at 681 ("[I]f a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making *specific* findings relating to those activities.") (emphasis added). The ability to drive, shop, and perform self-care with difficulty, and do light housework, is not dispositive. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.") (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). And travel during the relevant period is not a sufficient reason to reject a plaintiff's testimony. *See Baker v. Comm'r of SSA*, 2022 U.S. Dist. LEXIS 116916, *18 (D. Ariz June 30, 2022) ("The mere fact that a claimant has traveled one or more times during the relevant period is not a sufficient reason to discount symptom testimony.") (collecting cases). Indeed, plaintiff

5

1  emphasized in his testimony that the trip went badly and that he spent much of it trying to get
2  additional pain medication. AR at 50. The ALJ's emphasis on construction of the riding corral is
3  unpersuasive insofar as he did not adequately analyze the activity or make specific findings as to
4  how it contradicted plaintiff's testimony. The ALJ's failure to offer any analysis of this activity
5  makes it unclear whether plaintiff accomplished it during a brief period when the medication
6  Baclofen improved his symptoms. *Id.* at 48 (stating that he helped his mother grade a "sand area"
7  during this period of improvement). Plaintiff testified that this improvement was short-lived,
8  however, and that the grading activity then "put [him] out for two to three days." *Id.*

9   The ALJ also found that plaintiff's testimony as to his symptoms was not consistent with
10 the medical evidence. *Id.* at 22-23. He noted that "[a]lthough treatment providers have observed
11 signs consistent with [plaintiff's] symptoms, their observations are frequently isolated and
12 inconsistent." *Id.* at 23. The ALJ then summarized findings from several providers but did
13 nothing to support his conclusion that the "isolated and inconsistent" findings contradicted any
14 *specific* parts of plaintiff's subjective testimony. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.
15 1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not
16 credible and what evidence undermines the claimant's complaints."). In any event, "an ALJ may
17 not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully
18 corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. That principle holds special
19 weight where, as here, plaintiff is diagnosed with fibromyalgia. AR at 18 (acknowledging that
20 plaintiff has fibromyalgia). As the Ninth Circuit has held, "fibromyalgia's cause is unknown, there
21 is no cure, and it is poorly-understood within much of the medical community. The disease is
22 diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke v.*
23 *Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).

24  Thus, I find that the ALJ failed to offer clear and convincing reasons for discounting
25 plaintiff's subjective testimony. This finding is sufficient to warrant remand insofar as proper
26 consideration of his testimony might result in a more restrictive residual functional capacity. I thus
27 find it unnecessary to reach plaintiff's other arguments.

28

### III. Remand for Further Proceedings

I will remand this case for further proceedings. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r of Social Sec.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."). My determination that the ALJ erred in failing to offer clear and convincing evidence for discounting plaintiff's subjective testimony in this instance does not compel a finding that he is categorically unable to do so.

### Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 10, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 11, is denied.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this matter.

IT IS SO ORDERED.

Dated: March 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7