UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY RICHARD LEIGHTY, | Case No.  2:22-cv-1598-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel seeks an award of attorney fees under 42 U.S.C. § 406(b).[1]  ECF No. 19.  Plaintiff entered into a contingent fee agreement providing that he would pay counsel twenty-five percent of any award of past-due benefits.  ECF No. 19-2 at 3.  After this court remanded for further proceedings, plaintiff was found disabled and awarded $166,480.00 in past-due benefits.  ECF No. 19-1 at 3.  Plaintiff's counsel requests $40,976.50 in attorney fees, which is less than the statutory maximum, which equates to an effective hourly rate of $593.17.  ECF Nos. 20 & 21.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

---

[1] Although the motion for fees was filed under plaintiff's name, plaintiff's counsel is the party seeking fees.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802). The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

The court finds that the requested fees are reasonable. Counsel's billing records reflect a total of 69.08 hours of attorney time on this case. ECF Nos. 20, 21. Counsel's request for $40,976.50, which is less than the statutory maximum, would constitute an hourly rate of approximately $593.17 for attorney services.[2] Counsel did not engage in dilatory conduct or perform in a substandard manner. Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits. *See* ECF No 19-1. Given counsel's experience, the result obtained in this case, and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable. *See De Vivo v.*

---

[2] Plaintiff's counsel suggests that any fees awarded pursuant to this motion are subject to a credit back to plaintiff of $11,500.00 for fees previously awarded under the Equal Access to Justice Act. ECF Nos. 18, 19 at 3. Because the fees requested under 406(b) must be offset by the EAJA award—i.e., counsel must return the $11,500.00 to plaintiff—the court calculates the effectively hourly rate by dividing the present request for $40,976.50 by the total number of hours counsel worked on this matter. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under [§] 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.") (internal marks and citations omitted).

2

*Berryhill*, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at an effective hourly rate of $1,116.26); *White v. Berryhill*, No. cv 04-00331-AS, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (awarding fees at an effective hourly rate of $1,612); *Monica H. v. Comm'r, Soc. Sec. Admin.*, No. 3:16-cv-2111-JR (D. Or. Jan. 25, 2021) (awarding fees at an effective hourly rate of $2,000); *Kelly Kay M. v. O'Malley*, No. 22-cv-1969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (awarding fees at an effective hourly rate of $1,923.07).

Counsel concedes that the $40,976.50 award should be offset by the fees previously awarded under the under the Equal Access to Justice Act ("EAJA").  ECF No. 18; *see* ECF No. 19.  He also indicates that he will reimburse plaintiff the amount previously awarded under the EAJA.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. The motion for attorney fees, ECF No. 17, is GRANTED.

2. Plaintiff's counsel is awarded $40,976.50 in fees pursuant to 42 U.S.C. § 406(b).

3. Upon receipt of the award, counsel shall refund to plaintiff the sum of $11,500.00 previously awarded under the EAJA.

IT IS SO ORDERED.

Dated:    January 15, 2026        _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3